UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **CRIMINAL NO.** |
| | : | |
| v. | : | **VIOLATIONS: 21 U.S.C. §846** |
| | : | **(Conspiracy to Distribute and Possess With** |
| **JOSEPH A. LANGLEY,** | : | **Intent to Distribute Cocaine Base)** |
| also known as "Joe," | : | |
| | : | |
| **Defendant.** | : | |
| | : | **UNDER SEAL** |

**GOVERNMENT'S MOTION TO SEAL THE CRIMINAL
INFORMATION AND OTHER PLEADINGS, RECORDS,
PROCEEDINGS AND FILES, AND TO DELAY ENTRY ON
THE PUBLIC DOCKET OF THE FILING OF THIS
MOTION TO SEAL AND ALL RELATED MATTERS**

The United States, by and through its attorney the United States Attorney for the District of Columbia, hereby respectfully submits this motion to seal the accompanying criminal information, plea agreement, and proffer, as well as all existing and future pleadings, proceedings, records and files in this case, including the instant motion to seal, and to delay entry on the public docket of this motion to seal any and all related matters. In support of this motion, the government states as follows:

The defendant in this case has agreed to enter a plea of guilty to a criminal Information charging a narcotics conspiracy violation. A copy of the criminal information, plea agreement, and proffer are attached hereto as Exhibits A, B & C.

The sealing is necessary because the attached information, plea agreement, proffer, and related pleadings contain sensitive information, and the disclosure of which would not be in the interest of the defendant, the government, or the public.

As part of his plea agreement, the defendant has agreed to cooperate with the government in an ongoing criminal/grand jury RICO and narcotics investigation. Accordingly, it is essential that any information concerning the fact of his pleading guilty be kept sealed for the time being.

Based on the nature of the ongoing criminal investigation, the government submits that public disclosure of the defendant's cooperation would likely compromise this ongoing criminal investigation by (1) placing the personal safety of the cooperating defendant, undercover agents, other law enforcement officials and innocent third parties at substantial risk; (2) alerting potential targets of the investigation, thereby causing the cooperating defendant to be reluctant to continue his cooperation; (3) causing prospective witnesses, including the cooperating defendant, to be deterred from testifying or to be less likely to provide truthful testimony to the grand jury; and (4) causing potential witnesses and targets to destroy documents and other evidence. Each of these factors is particularly important in this instance because violent reprisals are common to major criminal violators in general and to some of the defendant's former associates in particular.

It is common practice for individuals associated with criminal organizations to check the public record in the Criminal Clerk's office to ascertain whether the government has filed any pleadings under seal in cases against former associates. It is common knowledge to criminal organizations operating in this city that the docketing of a motion to seal a plea agreement or the filing of sealed pleadings in a criminal case signals the fact that the charged defendant has agreed to cooperate with law enforcement. Consequently, public notice of the filing of the sealed pleadings or proceedings, itself, is likely to compromise any ongoing criminal and grand jury investigation and present a substantial risk to the personal safety of cooperating individuals, undercover agents, other law enforcement officials taking part in the covert investigation, and, in

some cases, innocent bystanders.

Accordingly, the government submits that these facts present an extraordinary situation and a compelling governmental interest which justify not only the sealing of all pleadings, records, proceedings, and files in this case, but also a delay in the public docketing of the filing of these sealed pleadings and the accompanying order until (1) the substantial risk to the personal safety of cooperating individuals no longer exist; and (2) the government represents that it can continue its criminal investigation without substantial risk that it would be jeopardized due to the public docketing of the fact that sealed pleadings have been filed in this case.  See Washington Post v. Robinson, 935 F.2d 282, 289 (D.C. Cir. 1991).

Defense counsel, James W. Rudasill, Jr. has been advised of the contents of this motion and has informed the undersigned prosecutor of his support for this motion.

WHEREFORE, it is respectfully requested that this motion be granted.


Respectfully submitted,

KENNETH L. WAINSTEIN
United States Attorney
D.C. Bar No. 451058


_____
M. JEFFREY BEATRICE
MA Bar No. 551-821
Assistant United States Attorney
555 4th Street, N.W., Room 4106
Washington, D.C. 20001
(202) 353-8831

CERTIFICATE OF SERVICE

    I hereby certify that a copy of this motion was served by mail on counsel for the defendant, James W. Rudasill, Jr., 601 Indiana Avenue, NW, Suite 500, Washington, D.C. 20004 on this 3rd day of November, 2005.

 

_____
M. Jeffrey Beatrice
Assistant United States Attorney