**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL NO. Cr.-05-416 (RWR) |
| | : | |
| v. | : | VIOLATIONS: 21 U.S.C. §846 |
| | : | (Conspiracy to Distribute and Possess With |
| JOSEPH A. LANGLEY | : | Intent to Distribute CocaineBase) |
| | : | |
| Defendant. | : | |
| _____ | : | UNDER SEAL |

**GOVERNMENT'S MOTION FOR DEPARTURE FROM**
**GUIDELINE SENTENCE AND MANDATORY MINIMUM SENTENCE**

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, respectfully moves this Court to find that the defendant, Joseph A. Langley, is entitled to the benefits of a sentencing departure as provided by Title 18, United States Code, § 3553(e) and § 5K1.1 of the United States Sentencing Guidelines. These provisions authorize the Court, upon motion of the government, to impose a sentence below the minimum which would otherwise be required by statute and the sentencing guidelines. The United States submits this motion based on the substantial assistance which the defendant has rendered in the investigation and prosecution of other persons.

1. On or about March 27, 2008, the government filed a Memorandum in Aid of Sentencing with respect to Joseph A. Langley.[1] As the Court and counsel are aware, in the memorandum, the government took the position that Mr. Langley was not entitled to the benefits of a sentencing departure as provided by Title 18, United States Code, § 3553(e) and § 5K1.1 of

---

[1] The relevant procedural and factual background relating to Mr. Langley was set forth in the March 27 memorandum and is incorporated by reference herein.

the United States Sentencing Guidelines.  As set forth in the initial memorandum, the government took the position that while a close call, Mr. Langley's cooperation did not quite rise to a level to be characterized as substantial.  Accordingly, the government took the position that a more appropriate sentence for Mr. Langley would be for him to receive the benefits of the safety valve provision, and a sentence at the low-end of the recommended Sentencing Guidelines range (87 months incarceration).

2.   The defendant subsequently filed a memorandum in aid of sentencing, arguing, among other things, that (i) he receive a sentence of no more than 63 months incarceration; and (ii) this Court consider holding an evidentiary hearing to consider the government's bad faith in denying departure.  Mr. Langley was prepared to call at least one witness – Ms. Tammy Lane – to testify on Mr. Langley's behalf.[2]  After the government indicated its willingness to speak with Ms. Lane and bring the information and arguments offered by Mr. Langley to attention of the United States Attorney's Office Departure Committee, the Court elected to continue sentencing until April 29, 2008.[3]

---

[2]   The Court might recall that Mr. Langley was found to be deceptive on two questions asked of him during an FBI-administered polygraph examination regarding what, if any, knowledge his then-girlfriend Ms. Lane had regarding Langley's fugitive status in March and April of 2005 as well as the fact that Langley was a drug dealer.  Ms. Lane and Mr. Langley were romantically involved during March and April of 2005.  The indictment against Mr. Langley was unsealed on March 22, 2005, and he was on fugitive status until April 27, 2005 when he was ultimately arrested in South Carolina.  Ms. Lane had accompanied Mr. Langley down to South Carolina shortly before he was apprehended.

[3]   In his sentencing memorandum, the defendant suggested that the government acted in bad faith because the failed polygraph examinations happened before Mr. Langley entered into his November 22, 2005 plea agreement with the government.  *See* Langley Sentencing Mem. at 4-5.  This assertion is incorrect.  In fact, the failed polygraph examination was administered on December 20, 2005, which was a month after Mr. Langley entered into his plea.  In fairness, defendant's assertion was based on the government's sentencing memorandum,

3.  After considering the arguments presented by Mr. Langley, as well as certain additional factors, the Departure Committee has now voted to recommend that Mr. Langley receive the benefits of departure pursuant to Title 18, United States Code, § 3553(e) and § 5K1.1 of the United States Sentencing Guidelines. While still a close call, the government ultimately believes that it would be most prudent, under the unique circumstances of this case, to give Mr. Langley the benefit of the doubt and grant Mr. Langley's request for limited downward departure.

4.  The following additional considerations weigh in favor of granting departure for Mr. Langley: (1) Mr. Langley was found deceptive on two, narrow, questions on an exam taken in December 2005 (one month after he entered into the plea); the questions involved whether Langley told Ms. Lane of his fugitive status and if she told him that she knew he was wanted; these questions were collateral to the subject matters litigated in the Congress Park case; (2) Langley took a follow-up polygraph exam 3 months later and was found *not* to be deceptive regarding additional questions involving Lane's knowledge of his illegal activities; (3) We have recently been informed that the MPD investigation of Ms. Lane led to the conclusion that there were insufficient facts to sustain any allegation of misconduct on behalf of Lane and that MPD restored her to full work status; (4) Although Mr. Langley was not on the government's pre-trial order of proof for the Congress Park case, this was largely because he did not have that much non-cumulative testimony to provide (he was mainly able to talk about drug-dealing); (5) The Congress Park trial team interviewed Langley after the deceptive polygraph and before the

---

which incorrectly stated that the polygraph examination was administered during the summer of 2005.

Congress Park trial in order to assess whether he could help the case; we found Langley credible on the issues she discussed with him, but because he did not add much that other witnesses already offered us, we did not think it was necessary to call him at trial; (6) The undersigned Assistant United States Attorney recently spent 45 minutes interviewing Tammy Lane; this interview has given the government no reason to quarrel with MPD's conclusion that there were insufficient facts to sustain an allegation of misconduct by Lane.

5. In short, it is not completely clear that Langley lied, despite the "deceptive" answers to the 2 questions asked of him by the FBI polygraph examiner. Beyond that, his profile is consistent with at least some other cooperating witnesses for whom we have recommended departure. For these reasons, the government is now recommending minimal departure pursuant to Title 18, United States Code, § 3553(e) and § 5K1.1 of the United States Sentencing Guidelines. Accordingly, the government would not oppose Mr. Langley receiving the sentence of 63 months incarceration, which he has requested from this Court.

WHEREFORE, the Government respectfully requests that the Court impose a sentence of at least 63 months of incarceration to be followed by 48 months of supervised release

                                              Respectfully submitted,

                                              JEFFREY A. TAYLOR
                                              United States Attorney
                                              D.C. Bar No. 498-610

                                              _____

                                              GLENN S. LEON
                                              Assistant United States Attorney
                                              New York Bar
                                              555 4th Street, N.W., Room 4112
                                              Washington, DC  20530
                                              (202) 305-0174

**CERTIFICATE OF SERVICE**

     I HEREBY certify that a copy of the foregoing has been sent by first class mail and facsimile (202-628-2881) to counsel for the defendant, James W. Rudasill, Jr., 601 Indiana Avenue, N.W., #500, Washington, D.C. 20004, this 22nd day of April, 2008.

                                                                                                 _____
                                                                                                  Glenn S. Leon
                                                                                                  Assistant United States Attorney